UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAGUN TULI, M.D. )<br>    Plaintiff )<br>v. )<br>GARY M. VOTOUR, and )<br>AUTOMATTIC, INC. )<br>    Defendants )<br>_____) | Case No. 1:13-cv-11023-MLW<br><br>**JURY TRIAL DEMANDED** |

**AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF DEFENDANT GARY M. VOTOUR**

Defendant Gary M. Votour, based on his knowledge, information, and belief and the information currently available to him, hereby submits this amended answer to the Complaint of Plaintiff Sagun Tuli, M.D. and denies any allegation in the Complaint that is not expressly admitted herein, denies any liability, and denies that Plaintiff is entitled to any relief:

1.      Mr. Votour admits that in or about September 2005, his wife Charlyn "Lyn" Votour was diagnosed with a rare form of bone cancer (chordoma) in her C2 vertebra. Mr. Votour admits that Sagun Tuli was a neurosurgeon at the Brigham and Women's Hospital at that time and that she provided medical treatment for Ms. Votour. Mr. Votour admits that Ms. Votour died in 2008. In all other respects, Mr. Votour denies the allegations in this paragraph.

2.      Mr. Votour admits that on March 2, 2010, he wrote and posted a blog entitled "Open Letter to Sagun Tuli." This paragraph purports to characterize this blog, which speaks for itself, and thus no response to these characterizations is required. To the extent a response is required, Mr. Votour denies the characterization of the blog and the allegations contained in this paragraph about the blog. Mr. Votour further denies that the blog contains any false and defamatory statements of fact concerning Dr. Tuli and her role in the treatment of Ms. Votour.

1

Mr. Votour further denies that any statements in the blog were designed and intended to harm Dr. Tuli's personal and professional reputation. In all other respects, Mr. Votour denies the allegations in this paragraph.

3. The allegations in this paragraph are either conclusions of law or seek to characterize the claims in this action and do not require a response. To the extent that a response is required, Mr. Votour denies the allegations contained in this paragraph.

4. Mr. Votour lacks knowledge or information sufficient to form a belief as to the allegations contained in the first three sentences of this paragraph, and therefore denies them. The fourth sentence of this paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Mr. Votour denies the allegations contained in the fourth sentence of this paragraph.

5. Mr. Votour admits that he is a resident of Columbia, South Carolina. Mr. Votour admits that he is the author of the blog entitled "Open Letter to Sagun Tuli." Mr. Votour admits that he previously resided in Barre, Massachusetts.

6. Mr. Votour admits that the blog entitled "Open Letter to Sagun Tuli" was previously located at the internet address: "http://gvotour.wordpress.com/." However, this blog has been removed, without prejudice, at the request of Plaintiff (and Mr. Votour denies that any statements contained in this blog were false or defamatory). Mr. Votour lacks knowledge or information sufficient to form a belief as to the allegations contained in the second sentence of this paragraph, and therefore denies them. The third sentence of this paragraph contains conclusions of law that do not require a response. To the extent that a response is required, Mr. Votour denies the allegations contained in the third sentence.

7.      Mr. Votour admits that on March 2, 2010, he created the blog entitled "Open Letter to Sagun Tuli." Mr. Votour admits that a copy of this blog that was previously posted at http://gvotour.wordpress.com/ is attached to the complaint as Exhibit A, but the posting entitled "Open Letter to Sagun Tuli" begins on page 7 of Exhibit A (subsequent postings are included in Exhibit A).

8.      This paragraph purports to characterize a document that speaks for itself, and thus no response is required. To the extent a response is required, Mr. Votour admits that these quotes appear in the blog, but otherwise denies the characterization of the blog – which takes the statements out of context and is incomplete – and denies the allegations contained in this paragraph.

9.      Mr. Votour denies the allegations contained in this paragraph.

10.     This paragraph purports to characterize a document that speaks for itself, and thus no response is required. To the extent a response is required, Mr. Votour admits that this quote appears in the blog, but otherwise denies the characterization of the blog – which takes the statement out of context and is incomplete – and denies the allegations contained in this paragraph. Mr. Votour further denies that this statement was false, misleading, and inaccurate. In all other respects, Mr. Votour denies the allegations contained in this paragraph.

11.     This paragraph purports to characterize a document that speaks for itself, and thus no response is required. To the extent a response is required, Mr. Votour admits that this quote appears in the blog, but otherwise denies the characterization of the blog – which takes the statement out of context and is incomplete – and denies the allegations contained in this paragraph. Mr. Votour further denies that this statement was false, misleading, and inaccurate. In all other respects, Mr. Votour denies the allegations contained in this paragraph.

12. This paragraph purports to characterize a document that speaks for itself, and thus no response is required.  To the extent a response is required, Mr. Votour admits that this quote appears in the blog, but otherwise denies the characterization of the blog – which takes the statement out of context and is incomplete – and denies the allegations contained in this paragraph.  Mr. Votour further denies that this statement was false, misleading, and inaccurate.  In all other respects, Mr. Votour denies the allegations contained in this paragraph.

13. This paragraph purports to characterize a document that speaks for itself, and thus no response is required.  To the extent a response is required, Mr. Votour admits that this quote appears in the blog, but otherwise denies the characterization of the blog – which takes the statement out of context and is incomplete – and denies the allegations contained in this paragraph.  Mr. Votour further denies that this statement was false, misleading, and inaccurate.  In all other respects, Mr. Votour denies the allegations contained in this paragraph.

14. This paragraph purports to characterize a document that speaks for itself, and thus no response is required.  To the extent a response is required, Mr. Votour admits that this quote appears in the blog, but otherwise denies the characterization of the blog – which takes the statement out of context and is incomplete – and denies the allegations contained in this paragraph.  Mr. Votour further denies that this statement was false, misleading, and inaccurate.  In all other respects, Mr. Votour denies the allegations contained in this paragraph.

15. This paragraph purports to characterize a document that speaks for itself, and thus no response is required.  To the extent a response is required, Mr. Votour admits that this quote appears in the blog, but otherwise denies the characterization of the blog – which takes the statement out of context and is incomplete – and denies the allegations contained in this

paragraph. Mr. Votour further denies that this statement was false, misleading, and inaccurate. In all other respects, Mr. Votour denies the allegations contained in this paragraph.

16. Mr. Votour admits that on or about March 11, 2010, Dr. Tuli's attorneys sent him a letter demanding that the blog entitled "Open Letter to Sagun Tuli" be taken down, including photographs of Dr. Tuli, but Mr. Votour denies that Dr. Tuli's attorneys "respectfully requested" that Mr. Votour remove the blog. Mr. Votour denies that there were any "defamatory" statements in this blog. Mr. Votour admits that a copy of this letter is attached to the complaint as Exhibit B. In all other respects, Mr. Votour denies the allegations contained in this paragraph and the accusations contained in Exhibit B.

17. Mr. Votour admits that he posted a copy of the letter referenced in paragraph 16 to his blog. The remainder of this paragraph purports to characterize a document that speaks for itself, and thus no response is required. To the extent a response is required, Mr. Votour admits that this quote appears in the blog, but otherwise denies the characterization of the blog – which takes the statement out of context and is incomplete – and denies the allegations contained in this paragraph.

18. Mr. Votour lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph (and Exhibit C), and therefore denies them.

19. Mr. Votour lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore denies them.

20. Mr. Votour denies that Dr. Tuli suffered any damages as a result of the blog. Mr. Votour admits that unknown third parties have published comments to his blog, though he denies that he is responsible for the content of these comments. The remainder of this paragraph purports to characterize a document that speaks for itself, and thus no response is required. To

the extent a response is required, Mr. Votour admits that this quote appears in the comments section of the blog, but otherwise denies the characterization of the comment – which takes the statement out of context, is incomplete, and ignores positive comments – and denies the allegations contained in this paragraph. Mr. Votour further denies that any statement contained in the blog was false and inaccurate. Mr. Votour also denies that he is responsible for comments that third parties posted to the blog. In all other respects, Mr. Votour denies the allegations contained in this paragraph.

21. Mr. Votour lacks knowledge or information sufficient to form a belief as to the allegation that "another person who had been referred to Dr. Tuli by her primary care doctor chose not to make an appointment with Dr. Tuli," and therefore, he denies this allegation. Mr. Votour denies that he made any false and inaccurate statements. The remainder of this paragraph purports to characterize a document that speaks for itself, and thus no response is required. To the extent a response is required, Mr. Votour admits that this quote appears in the comments section of the blog, but otherwise denies the characterization of the comment – which takes the statement out of context, is incomplete, and ignores positive comments – and denies the allegations contained in this paragraph. Mr. Votour also denies that he is responsible for comments that third parties posted to the blog. In all other respects, Mr. Votour denies the allegations contained in this paragraph.

22. Mr. Votour incorporates his responses to Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Mr. Votour denies the allegations in this paragraph.

24. Mr. Votour denies the allegations in this paragraph.

25. Mr. Votour denies the allegations in this paragraph.

26.   Mr. Votour incorporates his responses to Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27.   Mr. Votour denies the allegations in this paragraph.

28.   Mr. Votour denies the allegations in this paragraph.

29.   Mr. Votour lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph, and therefore denies them.

30.   This paragraph asserts conclusions of law and contains no factual allegations to which a response is required.  To the extent that this paragraph contains factual allegations, Mr. Votour denies the allegations contained this paragraph, denies that Dr. Tuli is entitled to injunctive relief, and asserts that Plaintiff's request for injunctive relief is moot.

Prayer for relief: Mr. Votour denies that Plaintiff is entitled to relief on any aspect of the Prayer for Relief contained in the Complaint.

## **Affirmative Defenses**

1.   The Complaint fails to state a claim upon which relief may be granted.

2.   Plaintiff's claims are barred because the allegedly defamatory or disparaging statements set forth in the Complaint are statements of opinion.

3.   Plaintiff's claims are barred because the allegedly defamatory or disparaging statements are true or substantially true.

4.   Plaintiff's claims are barred because the allegedly defamatory or disparaging statements are true (or substantially true) and pursuant to Mass. Gen. Laws ch. 231, § 92, Mr. Votour did not act with actual malice; or Plaintiff's claims are barred because the allegedly defamatory or disparaging statements are true and Mass. Gen. Laws ch. 231, § 92 is unconstitutional under the First Amendment and the Massachusetts Constitution.

5. Plaintiff's claims are barred because the allegedly defamatory or disparaging statements are statements of opinion, which Mr. Votour believed, as a matter of his opinion, to be true.

6. Plaintiff's claims are barred because the allegedly defamatory or disparaging statements set forth in the Complaint are rhetorical hyperbole or puffery.

7. Some or all of Plaintiff's claims are barred by the First Amendment of the United States Constitution and the state and federal constitutional protections afforded free speech.

8. Plaintiff's claims are barred because Mr. Votour did not act with negligence or actual malice.

9. Plaintiff is either a public figure or a limited purpose public figure.

10. The statements contained in the blog concern a matter of public concern.

11. Plaintiff's claims are barred because the allegedly defamatory or disparaging statements set forth in the Complaint are not defamatory.

12. Plaintiff's request for injunctive relief is barred because it effects an unconstitutional prior restraint of free speech.

13. Plaintiff's claims are barred because Dr. Tuli is a libel proof plaintiff, because Dr. Tuli's reputation cannot be harmed beyond the harm already caused by the disclosures in the blog, because of the incremental harm doctrine, because of the substantial truth doctrine, or because of the subsidiary meaning doctrine.

14. Plaintiff's claims are barred because Mr. Votour has an absolute or conditional privilege in making the alleged defamatory or disparaging statements set forth in the Complaint.

15. Plaintiff's claims are barred because Plaintiff has suffered no harm – to her reputation, her business, or otherwise – as a result of the alleged defamatory or disparaging

statements set forth in the Complaint or as a result of any other conduct set forth in the Complaint.

16. Plaintiff's recovery is barred or limited by Mr. Votour's removal of the blog "Open Letter to Sagun Tuli" pursuant to Mass. Gen. Laws ch. 231, § 93.

17. Plaintiff is barred from any possible recovery, and any liability is hereby denied, in whole or in part, due to Plaintiff's own acts.

18. This action is barred in whole or in part by applicable statutes of limitation and/or the doctrines of estoppel, laches, unclean hands, and/or waiver.

19. This action is barred in whole or in part because Plaintiff failed to act reasonably to mitigate damages, including by failing to take any action in response to the blog for nearly three years.

20. This action is barred in whole or in part because Plaintiff caused harm to herself.

21. This action is barred in whole or in part pursuant to Section 230 of the Communications Decency Act, 47 U.S.C. § 230.

22. Plaintiff's action is barred in whole or in part because Mr. Votour did not make statements made by third parties on the blog.

23. Plaintiff's request for injunctive relief is moot.

24. Plaintiff has waived any privacy rights.

25. Mr. Votour does not waive any affirmative defenses and reserves the right to assert any additional affirmative defenses that may be available after reasonable discovery.

## Mr. Votour's Prayer For Relief

WHEREFORE, Mr. Votour respectfully requests entry of judgment and that the Court:

(a) dismiss the claims in the Complaint in their entirety, with prejudice;

(b) award Mr. Votour his costs of defending this action, including attorneys' fees, costs and disbursements, including pursuant to Mass. Gen. Laws ch. 231, § 6F, 28 U.S.C. § 1920, or any other applicable statute; and

(c) granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Mr. Votour demands a jury trial on all issues so triable.

> Respectfully Submitted,
>
> Gary M. Votour
>
> By his attorneys,
>
> /s/ Adam J. Hornstine
> George W. Mykulak (BBO No. 365990)
> George.Mykulak@wilmerhale.com
> Adam J. Hornstine (BBO No. 666296)
> Adam.Hornstine@wilmerhale.com
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, MA 02109
> Telephone: (617) 526-6000
> Facsimile: (617) 526-5000

Dated: May 15, 2013

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document, filed through the ECF system, will be sent electronically to the registered participants of record as identified on the Notice of Electronic Filing on May 15, 2013.

                                      /s/ Adam J. Hornstine
                                      Adam J. Hornstine